UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 03-60480

ALEXANDRE LORISTON, on his own
behalf and others similarly situated,

    Plaintiff,

v.

SAFARI FOOD CORP., d/b/a CHICKEN CENTRAL,
a Florida corporation, and SIA HEMMATI,
individually,

    Defendants.
_____/

MAGISTRATE JUDGE
SELTZER

## COMPLAINT

1. Plaintiff, ALEXANDRE LORISTON, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, SAFARI FOOD CORP., d/b/a CHICKEN CENTRAL, a Florida corporation, (hereinafter referred to as "CHICKEN CENTRAL") and SIA HEMMATI, individually (collectively referred to as "Defendants") and brings this action on behalf of himself and other employees and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Plaintiff performed work as a cook and related activities in Broward County, Florida.

2. Defendant, SAFARI FOOD CORP., d/b/a CHICKEN CENTRAL, is a Florida corporation that owns and operates restaurant(s) in Broward County, Florida and within the jurisdiction of this Court. This collective action expands to all similarly situated employees at any restaurant location owned or operated by SAFARI FOOD CORP., to the extent that non-exempt employees are receiving straight time wages for overtime hours worked.

3. At all times material hereto, SIA HEMMATI was and is an individual resident of the State of Florida, who owns and operates SAFARI FOOD CORP., d/b/a CHICKEN CENTRAL, and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of SAFARI FOOD CORP., d/b/a CHICKEN CENTRAL. By virtue of such control and authority, SIA HEMMATI is an employer as such term is defined by the FLSA. 29 U.S.C. 201 et seq.

4. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b) (the Act).

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant, SAFARI FOOD CORP., d/b/a CHICKEN CENTRAL, was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant regularly owned and operated a restaurant business engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Based upon information and belief, the annual gross sales volume of SAFARI FOOD CORP., d/b/a CHICKEN CENTRAL, was in excess of $500,000.00 per annum. Additionally, Plaintiff was individually engaged in interstate commerce.

6. The additional persons who may become Plaintiffs in this action are hourly paid employees and/or former employees of Defendants who received straight time hourly wages for their overtime hours worked on or after March, 2000.

7. At all time pertinent to this Complaint, Defendants failed to comply with Title 29

U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty within a work week.

8. Plaintiff's employment with Defendants provided for compensation at an hourly wage. Defendants paid Plaintiff with straight time hourly wages for his hours worked in excess of forty within a work week.

9. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

10. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

11. Plaintiff readopts and realleges and allegations contained in Paragraphs 1 through 10 above.

12. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

13. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

14. As a result of Defendants' willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages.

15. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, SAFARI FOOD CORP., d/b/a CHICKEN CENTRAL, and SIA HEMMATI, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

DATED this 19th day of March, 2003.

SHAVITZ LAW GROUP, INC.
2000 Glades Road, Suite 200
Boca Raton, FL 33431
Tel: 561-447-8888
Fax: 561-447-8831
E-mail: gshavitz@shavitzlaw.com

GREGG I. SHAVITZ
Fl. Bar No.: 11398

# CIVIL COVER SHEET

Rev. 12/96)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-MARRA**

**(a) PLAINTIFFS**
ALEXANDRE LORISTON, on his own behalf and others similarly situated,

**DEFENDANTS**
SAFARI FOOD CORP, d/b/a CHICKEN CENTRAL a Florida corporation, and SIA HEMMATI, individually

MAGISTRATE JUDGE SELTZER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Shavitz Law Group, P.A.
2000 Glades Road, Suite 200
Boca Raton, FL 33431  561-447-8888

ATTORNEYS (IF KNOWN)

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
Citizen of This State: PTF [X]1 / DEF [X]4 Incorporated or Principal Place of Business In This State

## IV. ORIGIN
[X] Original Proceeding

## V. NATURE OF SUIT
LABOR: [X] 710 Fair Labor Standards Act

## VI. CAUSE OF ACTION

LENGTH OF TRIAL: 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY

DATE: 3/19/03
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # 77950   AMOUNT $150.00   APPLYING IFP ___   JUDGE MARRA   MAG. JUDGE Seltzer